**CHRISTOPHER P. BURKE, ESQ.**
**702 PLUMAS STREET**
**RENO, NV 89509**
**(775) 333-9277**                                              Electronically filed:12-23-09
BAR ID# 4093
Attorney for Debtors

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re: ) | Case No.BK-N-09-53244-GWZ |
| ) | Chapter 13 |
| JOSEFINA CHAVEZ SEPULVEDA ) | |
| ) | **OPPOSITION TO MOTION FOR** |
| ) | **RELIEF FROM THE** |
| ) | **AUTOMATIC STAY** |
| DEBTOR. ) | HEARING DATE: 1-08-10 |
| | HEARING TIME: 1:30 p.m. |

　　　　COMES NOW, above-named Debtor, JOSEFINA CHAVEZ SEPULVEDA, (hereinafter "Debtor" or "Sepulveda"), by and through her undersigned counsel, in Opposition to Wells Fargo Bank N.A.'s Motion for Relief from the Automatic Stay, (hereinafter "Creditor" or "Wells") by and through its attorney, Gregory L. Wilde, Esq. of Wilde and Associates.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### FACTS

　　　　Debtors filed a Chapter 13 Bankruptcy on or about September 17, 2009.

　　　　Debtors listed their residence located at 325 W. Fourth Avenue, Sun Valley, Nevada 89433 as having a value of $200,000.00 in the bankruptcy petition.

　　　　On Schedule D of her bankruptcy, Debtor listed Wells as a creditor secured by her residence and having a claim of $200,000.00.

　　　　Wells' Motion claims Debtor owes total encumberances of $209,518.56.

　　　　Debtor's Chapter 13 plan was confirmed on or about December 4, 2009.

## II.

## LAW

11 U.S.C. section 362 (d), provides that the Court shall grant relief from stay. . ., such as by terminated, annulling, modifying, or conditioning such stay –

(1) For cause, including the lack of adequate protection . . . or;

(2) . . ., if -

    (A)    the Debtor does not have any equity in such property and,

    (B)    such property is not necessary to an effective reorganization.

## III.

## ARGUMENT

The moving party, in the first instance, must establish a sufficient basis for relief; only then does the burden of proof lie with the Debtor to demonstrate that he is entitled to the stay. In re Curtis, 40 B.R. 795 (D.C.D. Utah 1984). A "creditor seeking relief from the automatic stay has the burden of providing evidence to make a prima facie case that the creditor is entitled to relief from the stay". In re Kim, 71 B.R. 1011 (Bkrtcy. C.D. Cal. 1984).

Wells is seeking relief from the stay because Sepulveda is allegedly behind post-petition monthly installment payments, totaling $5,126.88. Creditor is also seeking post-petition attorney fees and costs.

Initially, Debtor argues Wells does not have standing. FRBP 7019. In addition, this is Sepulveda's home and one of the reasons she filed Chapter 13. Thus, for the foregoing reasons the stay should not be lifted. In the alternative, should it be determined that Sepulveda is behind on her payments, she would request to catch up any post-petition arrears over of period of six (6) months.

# IV.

# CONCLUSION

The Stay should not be lifted as Wells has no standing. Second, Sepulveda needs the property to live in for her reorganization. Finally, Sepulveda will bring payments current if she is in fact behind. Wells is not entitled to attorney fees as this property is undersecured. 11 U.S.C. §506(b).

WHEREFORE, Debtor prays for an Order:

(1) Denying the lifting of the automatic stay.

(2) In the alternative, modifying the stay.

(3) Disallowing attorney fees.

(4) Any other relief deemed just and proper.

DATED this 23rd day of December 2009.

Respectfully Submitted By:

/s/ CHRISTOPHER P. BURKE, ESQ,
CHRISTOPHER P. BURKE, ESQ.
702 Plumas Street
Reno, Nevada 89509
(775) 333-9277
Bar ID #: 4093
Attorney for Debtors.

3